### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### Miami Division

### CASE NO.: 17-CV-20898

| | |
|---|---|
| DOUGLAS LONGHINI, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KINGS BAY SHOPPING CENTER, LTD., | ) |
| PAPPA RICCIOS, INC. a/k/a PAPA RICCO'S | ) |
| RESTAURANT & PIZZERIA, DRE | ) |
| HOLDINGS, LLC. d/b/a HOLE IN THE | ) |
| WALL PUB, SUSHI MAKI PALMETTO | ) |
| BAY CORP., ANDRAVER, INC. d/b/a | ) |
| SMOOTHIE KING, and MAK FRY | ) |
| MANAGEMENT, LLC a/k/a MCDONALDS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff DOUGLAS LONGHINI (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendants KINGS BAY SHOPPING CENTER, LTD. (**"Defendant Kings Bay Shopping Center"**), PAPPA RICCIOS, INC. a/k/a PAPA RICCO'S RESTAURANT & PIZZERIA (**"Defendant Papa Ricco's Restaurant"**), DRE HOLDINGS, LLC. d/b/a HOLE IN THE WALL PUB (**"Defendant Hole in the Wall"**), SUSHI MAKI PALEMTTO BAY CORP. (**"Defendant Sushi Maki"**), ANDRAVER, INC. d/b/a SMOOTHIE KING (**"Defendant Smoothie King"**) and MAK FRY MANAGEMENT, LLC. a/k/a MCDONALDS (**"Defendant McDonalds"**) (**Collectively "Defendants"**) for injunctive relief and states:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of Miami-Dade County, Florida.

4. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6. Defendant Kings Bay Shopping Center is a Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

7. Defendant Kings Bay Shopping Center is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 14441 South Dixie Highway, Palmetto Bay, Florida 33176, Folio No. 33-5021-000-0370 (the "**Subject Premises**" or "**Facilities**").

8. Defendant Papa Ricco's Restaurant is a Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

9. Defendant Papa Ricco's Restaurant is the owner, lessee or operator of the restaurant known as Papa Ricco's Restaurant located on the Subject Premises with the specific address 14415 South Dixie Highway, Palmetto Bay, Florida 33176.

10. Defendant Hole in the Wall is a Florida Limited Liability Company with its main place of business in Miami-Dade County, Florida.

11. Defendant Hole in the Wall is the owner, lessee or operator of the restaurant known as Hole in the Wall Pub located on the Subject Premises with the specific address 14421 South Dixie Highway, Palmetto Bay, Florida 33176.

12. Defendant Sushi Maki is a Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

13. Defendant Sushi Maki is the owner, lessee or operator of the restaurant known as Sushi Maki located on the Subject Premises with the specific address 14491 South Dixie Highway, Palmetto Bay, Florida 33176.

14. Defendant Smoothie King is a Florida Profit Corporation with its main place of business in Miami-Dade County, Florida.

15. Defendant Smoothie King is the owner, lessee or operator of the restaurant known as Smoothie King located on the Subject Premises with the specific address 14473 South Dixie Highway, Palmetto Bay, Florida 33176.

16. Defendant McDonalds is a Florida Limited Liability Company with its main place of business in Miami-Dade County, Florida.

17. Defendant McDonalds is the owner, lessee or operator of the restaurant known as McDonalds located on the Subject Premises with the specific address 14401 South Dixie Highway, Palmetto Bay, Florida 33176.

## GENERAL ALLEGATIONS

18. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping plaza.

19. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

20. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

21. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

22. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

23. In or about 2017, Plaintiff visited the Subject Premises to conduct business—i.e., visit stores and restaurants—and encountered architectural barriers to access the Subject Premises.

24. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA violations.

25. Plaintiff was not able to access, among other things, parking, entrance, path of travel, and public restrooms at the Subject Premises without encountering architectural barriers.

FEDERAL DISABILITY ADVOCATES
ATTORNEYS AT LAW

26. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

27. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

28. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

29. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

30. Plaintiff intends to visit the Subject Premises again, not only to visit the stores and restaurants, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

31. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because he intends on returning to the Subject Premises in the near future.

32. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

33. Defendants are in violation of the ADA and ADAAG and are discriminating against Plaintiff as a result of the following violations:

### DEFENDANT KINGS BAY SHOPPING CENTER

### Entrance Access and Path of Travel

a. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff had difficulty on the path of travel at the facility, as there are ramps without compliant handrails, in violation of Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

### DEFENDANT KINGS BAY SHOPPING CENTER, DEFENDANT PAPA RICCO'S RESTAURANT AND DEFENDANT HOLE IN THE WALL PUB

### Access to Goods and Services

e. The Plaintiff could not use the sales counter, as it is mounted too high. Violation: There are counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### DEFENDANT KINGS BAY SHOPPING CENTER AND DEFENDANT PAPA RICCO'S RESTAURANT

### Public Restrooms

f.  The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

g.  The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing or not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

h.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

i.  The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

j.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### DEFENDANT KINGS BAY SHOPPING CENTER AND DEFENDANT HOLE IN THE WALL

### Public Restrooms

k.  The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

l.  The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

m. The Plaintiff could not transfer to the toilet without assistance, as the required clear floor space is obstructed. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Sections 36.211 and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

n.  The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

o.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

p.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

### **DEFENDANT KINGS BAY SHOPPING CENTER, DEFENDANT SUSHI MAKI AND DEFENDANT MCDONALDS**

### **Access to Goods and Services**

q.  The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADA Standards.

## DEFENDANT KINGS BAY SHOPPING CENTER
## AND DEFENDANT SUSHI MAKI

### Public Restrooms

r.  The Plaintiff could not close the accessible toilet compartment door, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

s.  The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG and Sections 36.211 and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## DEFENDANT KINGS BAY SHOPPING CENTER
## AND DEFENDANT SMOOTHIE KING

### Public Restrooms

t.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

u.  The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

w.  The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

x.  The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

y.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### **DEFENDANT KINGS BAY SHOPPING CENTER AND DEFENDANT MCDONALD'S**

### **Public Restrooms**

z.  The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.17.3 and Figure 30 of the ADAAG and Sections 36.211 and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

aa. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

bb. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required locations. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

cc. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

dd. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

34. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

35. By encountering the discriminatory conditions at Defendants' Facilities, and knowing that it would be a futile gesture to return unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

36. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

37. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

38. Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT
## CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants for ADA Violations)

39. Plaintiff re-avers and incorporates paragraphs 1–38 as if fully set forth herein.

40. This action arises pursuant to the ADA.

41. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

42. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

43. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

44. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

45. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DOUGLAS LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendants KINGS BAY SHOPPING CENTER, LTD., PAPPA RICCIOS, INC. a/k/a PAPA RICCO'S RESTAURANT & PIZZERIA, DRE HOLDINGS, LLC. d/b/a HOLE IN THE WALL PUB, SUSHI MAKI PALEMTTO BAY CORP., ANDRAVER, INC. d/b/a SMOOTHIE KING and MAK FRY MANAGEMENT, LLC. a/k/a MCDONALDS from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 9th day of March, 2017.

                        Respectfully submitted,

By:   s/ Rafael Viego III
       Rafael Viego III, Esq.
       Florida Bar No. 60967
       Mario E. Lopez, Esq.
       Florida Bar No. 980691
       Eric Matthew Rodriguez, Esq.
       Florida Bar. No. 0123057
       **FEDERAL DISABILITY ADVOCATES**
       *Attorneys for Plaintiff*
       4300 Biscayne Boulevard, Suite 305
       Miami, Florida 33137
       Telephone:   (305) 717-7530
       Facsimile:    (305) 717-7539
       E-mail: rviego@jltrial.com
       E-mail: mlopez@jltrial.com
       E-mail: erodriguez@jltrial.com
       E-mail: eservice@jltrial.com

MEL/RV/lp
0006.078